UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC.,<br>Plaintiff,<br><br>v.<br><br>KENNETH E. BRYAN, Alias, d/b/a<br>BRYANCO and BRYANCO, LLC,<br>Defendant,<br><br>v.<br><br>CLINTON P. COWEN<br>78 West Shore Drive<br>Exeter, Rhode Island 02822,<br>Third-Party Defendant. | ) | C.A. No. 06-452/S |

**ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF KENNETH E. BRYAN, ALIAS DBA BRYANCO AND BRYANCO, LLC.**

Now come defendants Kenneth E. Bryan, Alias, d/b/a Bryanco and Bryanco, LLC. and for their Answer, Counterclaim and Third-party Complaint against Clinton P. Cowen to Plaintiff's Complaint state as follows:

**ANSWER**

1. Defendants deny for want of knowledge the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit that Kenneth E. Bryan is a resident of Springport, Michigan, but defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that Bryanco, LLC is a limited liability company in the State of Michigan.

4. Defendants admit that the technical Consulting Services Agreement between CPC Plastics, Inc. and Bryanco provided that the laws of the State of Rhode Island will govern the Agreement, but defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendants admit that on August 9, 2005 CPC Plastics, Inc. and Bryanco entered into a "Technical Consulting Services Agreement." On August 12, 2005, the parties amended the Agreement to add a "Pet House Proposal Addendum." Together these documents form what shall hereinafter be referred to as the "Technical Consulting Services Agreement," a true and accurate copy of which is attached hereto as Exhibit A. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint. CPC Plastics, Inc. has failed to perform its obligations under the contract giving rise to further payment, has anticipatorily repudiated and/or has breached the contract, all resulting in damage to defendants as is more further set forth in the Counterclaim.

7. Defendants deny paragraph 7 of the Complaint. CPC Plastics, Inc. has failed to perform its obligations under the contract giving rise to further payment, has anticipatorily repudiated and/or has breached the contract, all resulting in damage to defendants as is more further set forth in the Counterclaim.

8. Defendants incorporate their responses to paragraphs 1 through 7 of the Complaint in response to paragraph 8.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny all allegations contained in the Complaint not specifically admitted herein as true.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. This case is improperly venued in the State of Rhode Island.

3. There is an insufficiency of process.

4. There is an insufficiency of service of process.

5. This case may be subject to a binding arbitration agreement between the parties.

6. The Court lacks personal jurisdiction over the defendants.

7. Plaintiff's claims are barred due to plaintiff's anticipatory repudiation of the contract.

8. Plaintiff's claims are barred due to plaintiff's breach of the contract.

9. Plaintiff's claims are barred due to plaintiff's failure to perform conditions precedent that have not yet been performed in order for plaintiff to be entitled to any additional payments under the contract.

10. Plaintiff's claims are barred due to the equitable doctrines of waiver and estoppel.

11. Plaintiff's claims are barred due to the doctrine of laches.

12. Plaintiff's Complaint is barred due to plaintiff's unjust enrichment.

13. Plaintiff's claims are barred due to the unclean hands of plaintiff and its President, Clinton Cowen.

WHEREFORE, having fully answered, defendants Kenneth E. Bryan, Alias, d/b/a Bryanco and Bryanco, LLC pray that the Complaint be dismissed at plaintiff's cost, and that defendants be awarded their costs and attorney fees of proceeding in the defense of this frivolous action pursuant to Rule 11 of the Superior Court Rules of Civil Procedure, Rhode Island law and pursuant to the terms of the Technical Consulting Services Agreement.

## COUNTERCLAIM

Now come defendants Kenneth E. Bryan and Bryanco, LLC (sometimes referred to collectively as "Counterclaimants"), through counsel, and for their Counterclaim against CPC Plastics, Inc. state the following:

## PARTIES, JURISDICTION AND VENUE

1. Kenneth E. Bryan is a resident of Springport, Michigan.

2. Bryanco, LLC is a limited liability company organized and existing in the State of Michigan.

3. CPC Plastics, Inc. is a corporation organized and existing under the laws of the State of Rhode Island and has its principal place of business in the town of West Warwick, Rhode Island.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. There is diversity of citizenship between plaintiff and defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. While defendants maintain that defendants have insufficient contacts with the State of Rhode Island for the Court to maintain personal jurisdiction over the defendants for purposes of Plaintiff's Complaint, venue is proper in this district on defendants' Counterclaim

because plaintiff is a Rhode Island corporation maintaining its principal place of business in this district.

**FIRST CLAIM**
**(Anticipatory Repudiation/Breach of Contract)**

6. On or about August 9, 2005, CPC Plastics, Inc., by and through Clinton P. Cowen, entered into a Technical Consulting Services Agreement with Bryanco. The parties mutually agreed to add an addendum to the contract on August 12, 2005. (The August 9th Agreement along with the August 12th addendum are hereinafter collectively referred to as the "Technical Consulting Services Agreement," a true and accurate copy of which is attached hereto as Exhibit A.)

7. In late 2004 and early 2005, Kenneth Bryan and his wife, Sherry Bryan, began developing a concept for the design, manufacture and sale of a pet outhouse to be used by small to medium size dogs.

8. In March of 2005, after searching for a plastic manufacturing company to assist with the design and manufacturing of the pet outhouse product, the Bryans contacted CPC Plastics.

9. In April of 2005, the Bryans submitted hand-drawn pictures of their product, "the original Doggy Poo House," to CPC Plastics for product design services.

10. On May 13, 2005, a patent request was filed for "the original Doggy Poo House" with the United States Patent and Trademark Office.

11. On June 9, 2005, Bryanco entered into its first contract with CPC Plastics, Inc. for the purpose of providing Bryanco with product design services, CAD files, material identification and/or specifications to manufacture the pet outhouse project.

12. In August, 2005, Bryanco entered into the "Technical Consulting Services Agreement" with CPC Plastics wherein CPC Plastics agreed to provide tooling, an initial product run of 5,000 units, and the qualifying of an injection molding facility local to the Great Lakes Region for Bryanco's product "the Original Doggie Poo House."

13. Pursuant to the Technical Consulting Services Agreement, Bryanco agreed to pay CPC Plastics, Inc. a total of $420,000 to be paid in stages as follows: "150,000 with P.O., $60,000 net thirty days from issuance of P.O., 25% upon acceptance of First Article, Balance due at time of local tool delivery." (See contract at Terms and Conditions Section.)

14. The Pet Outhouse Tooling Project Proposal which is incorporated into the Technical Consulting Services Agreement entered into between CPC, Inc. and Bryanco contained the following relevant language regarding the scope of the contract:

> CPC will examine Bryanco's production requirements and design the most appropriate tooling that both meets Bryanco's production needs and quality requirements. In full view of CPC's tooling design, CPC will qualify and source an off-shore vendor capable of meeting the project requirements, and oversee construction of Bryanco's tool(s) to insure engineering compliance and quality.
>
> Upon delivery and acceptance of First Article(s), CPC will qualify the tooling and commission a run of at least 5,000 units per tool. Based on this pre-production run, CPC will establish and document the baseline processing parameters so as to mitigate lead times and installation issues during start-up at a vendor tbd and qualified by CPC, local to Bryanco.
>
> Subsequent to the mold qualification process and pre-production run off of 5,000 units, CPC will qualify at least three (3) vendors, in the Great Lakes Region, which are determined to have the capacity, capability, and competence required to manufacture Bryanco's Pet Outhouse products. (See Scope of Agreement contained in the "Pet Outhouse Tool Project Proposal" which is incorporated into and a part of the Technical Consulting Services Agreement).

15. The "Pet Outhouse Tooling Project Proposal" which is incorporated into the Technical Consulting Services Agreement contains the following relevant language regarding the estimated time to completion:

> The Estimate Time to Completion of the pre-production run of 5,000 units is approximately sixteen (16) to twenty-one (21) weeks, from the date that CPC receives a purchase order (PO) for the total project cost(s) as identified in the following "cost to complete" section of this proposal.
>
> The Estimated Time to Completion of the project in its entirety is approximately six (6) to eight (8) weeks from the delivery date of the 5,000 pre-production units. (See Estimated Time to Completion section of contract).

16. The Pet Outhouse Tooling Project Proposal which is incorporated into the Technical Consulting Services Agreement contains the following relevant language regarding the cost to complete the project:

> The cost to complete this project is USD $420,000.00. This cost includes the design and construction of each tool required to manufacture the Bryanco Pet Outhouse Assembly, FOB charges, initial pre-production run of 5,000 units, mold qualification, vendor qualification, and implementation and/or start-up assistance. (See Cost to Complete Section of Contract).

17. The Agreement Terms and Conditions section of the Technical Consulting Services Agreement contains the following relevant language:

> The consultant agrees to correct any errors or omissions on part of the Consultant at no extra charge to the Client.
>
> * * *
>
> Any major dispute over $5,000 (Five Thousand Dollars) relating to the interpretation or performance of this Agreement will be resolved at the request of either party through binding arbitration. Arbitration will be conducted in Kent County, State of Rhode Island, in accordance with the then-existing rules of the American Arbitration Association. Any state or federal court having jurisdiction may enter judgment upon any award by the arbitrators.

> (See Agreement Terms and Conditions Section of the Technical Consulting Services Agreement).

18. The Technical Consulting Services Agreement Terms and Conditions section also contains the following language providing that, in the event of a dispute, the prevailing party shall recover reasonable attorney's fees:

> The prevailing party will be reimbursed all reasonable costs and attorney fees associated with such action by the non-prevailing party. (See Agreement Terms and Conditions of Technical Consulting Services Agreement).

19. Appendix B of the Technical Consulting Services Agreement acknowledges receipt of a $2,000 retainer previously held in conjunction with Bryanco's Pet Outhouse design project which, pursuant to the terms of the Agreement, was transferred and applied to satisfy the retainer requirements for Bryanco's Pet Outhouse tooling project, and which was held in escrow.

20. Pursuant to the Terms of the Agreement, Bryanco issued payment to CPC Plastics, Inc. in the amount of $150,000 at or around the time that the parties entered into the Purchase Order.

21. Pursuant to the terms of the Technical Consulting Services Agreement, Bryanco made an additional payment in the amount of $60,000 on or about thirty days from the issuance of the initial Purchase Order.

22. Pursuant to the Terms and Conditions of the Technical Consulting Services Agreement, Bryanco's next payment, in the amount of $105,000.00, is not due until the approval and acceptance of the First Article, and the balance of the contract price is not due until the time of local tool delivery.

23. To date, CPC has failed to provide an acceptable First Article product to Bryanco and, CPC has not fulfilled any of the conditions precedent necessary for any additional payments under the contract.

24. To date, Bryanco has complied with all terms and obligations under the contract.

25. CPC Plastics, Inc. has breached and continues to breach its contractual obligation under the Technical Consulting Services Agreement to provide Bryanco with a product that meets Bryanco's production needs and quality requirements.

26. In addition to failing to provide Bryanco with an acceptable "First Article," CPC has further breached its contractual obligations under the Technical Consulting Services Agreement by notifying Bryanco that CPC will not comply with its contractual obligation to provide Bryanco with 5,000 pre-production units.

27. CPC Plastics, Inc.'s repeated refusals to provide Bryanco with the 5,000 pre-production units specified in the contract constitutes an anticipatory repudiation of the contract and/or a breach of the contract.

28. CPC Plastics, Inc. has further breached its contractual obligations to Bryanco by failing to comply with CPC's estimated time of completion which, as set forth in the contract, was estimated to take sixteen (16) to twenty-one (21) weeks, from the date that CPC received a Purchase Order until completion of the pre-production run of 5,000 units, and approximately 6 to 8 weeks of the delivery date of the 5,000 pre-production units until completion of the entire project.

29. To date, over fifteen months have passed since Bryanco entered into the Technical Consulting Services Agreement with CPC Plastics, Inc., and CPC Plastics, Inc. has yet to provide Bryanco with an acceptable First Article.

30. Bryanco, LLC and Kenneth E. Bryan have been severely damaged as a result of CPC Plastics, Inc.'s numerous and ongoing breaches of contract and/or anticipatory repudiation of the contract.

31. In addition to the monies provided to CPC Plastics, Inc. for the Technical Consulting Services Agreement as well as the previous pet outhouse design project, Bryanco has significantly changed its position and relied to its detriment on CPC's assurances that it would comply with its contractual obligations. These material changes in position include but are not limited to the attendance at trade shows, the purchase of equipment, advertising, the construction of a building to store inventory, interest, lost wages and income and lost profits, said damages which currently exceed $500,000 and continue to grow with time.

WHEREFORE, Defendants-Counterclaimants Kenneth E. Bryan and Bryanco, LLC demand:

(a) judgment on their Counterclaim in favor of Kenneth E. Bryan and Bryanco, LLC against CPC Plastics, Inc. in an amount in excess of $500,000.00 plus interest thereon;

(b) judgment awarding Bryanco, LLC and Kenneth E. Bryan their costs and disbursements, including reasonable attorneys fees; and

(c) such other and further relief as this Court deems just and proper.

## THIRD-PARTY COMPLAINT

Now come Defendants-Counterclaimants-Third-Party Plaintiffs Kenneth E. Bryan and Bryanco, LLC, by and through counsel, and for their Third-Party Complaint against Clinton P. Cowen, state as follows:

## JURISDICTION

1. Third-Party Defendant, Clinton P. Cowen, is a resident of the State of Rhode Island.

2. The amount in controversy, exclusive of interest and costs, exceeds $75,000 on this Third-Party Complaint.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

## VENUE

4. Venus is proper in this district in regard to this Third-Party Complaint pursuant to 28 U.S.C. §1391.

## FIRST CLAIM FOR RELIEF
**(Fraud)**

5. Third-Party Plaintiffs Kenneth E. Bryan and Bryanco, LLC incorporate by reference all allegations, averments and defenses set forth in their Answer and Counterclaim as if fully rewritten herein.

6. Upon information and belief, Clinton P. Cowen is the principal owner and alter ego of CPC Plastics, Inc.

7. Upon information and belief Clinton P. Cowen has wrongfully used funds paid to CPC Plastics, Inc. by Bryanco, LLC for uses other than the execution and diligent completion of the Technical Consulting Services Agreement between CPC Plastics, Inc. and Bryanco, LLC.

8. Clinton P. Cowen has been instrumental in directing the actions of CPC Plastics, Inc. in its dealings with Bryanco, LLC.

9. Clinton P. Cowen has made material misrepresentations of fact and has given repeated assurances to Bryanco, LLC and Kenneth E. Bryan regarding CPC's ability and willingness to comply with the terms of the Technical Consulting Services Agreement between CPC Plastics, Inc. and Bryanco, LLC. in order to induce Bryanco to enter the agreement and in order to induce Bryanco to continue to do business with CPC.

10. Bryanco, LLC and Kenneth E. Bryan have relied to their detriment upon Clinton Cowen's material misrepresentations of fact regarding CPC Plastics, Inc.'s willingness and ability to comply with the terms of the Technical Consulting Services Agreement between CPC Plastics, Inc. and Bryanco, including but not limited to Clinton Cowen's repeated assurances that CPC Plastics, Inc. will honor its contractual obligation to provide 5,000 pre-production units as per the terms of the contract when, upon information and belief, Clinton P. Cowen had no intention of complying with CPC Plastic's contractual obligation to provide Bryanco with 5,000 pre-production units.

11. Bryanco and Kenneth E. Bryan have been damaged and continue to be damaged as a result of Clinton Cowen's fraudulent misrepresentations of fact, in an amount in excess of $500,000.

12. Bryanco and Kenneth E. Bryan are entitled to punitive damages in an amount in excess of $1,000,000.00 as a result of Clinton Cowen's intentional misrepresentations of material facts.

**SECOND CLAIM FOR RELIEF**
**(Piercing of the Corporate Veil)**

13. Third-Party Plaintiffs incorporate by reference all allegations, averments and defenses set forth in their Answer to the Complaint, Counterclaim and in paragraphs 1 through 12 of this Third-Party Complaint as if fully rewritten herein.

14. Clinton P. Cowen's actions as described above in directing the actions of CPC Plastics, Inc. and in acting as the alter ego of CPC Plastics, Inc. are such that Clinton P. Cowen is personally liable for the actions of CPC Plastics, Inc., and Third-Party Plaintiffs Bryanco, LLC and Kenneth E. Bryan should be permitted to pierce the corporate veil of CPC Plastics, Inc. to the same extent that Third-Party Plaintiffs are entitled to recover against CPC Plastics, Inc. on their Counterclaim which is incorporated herein by reference, in an amount in excess of $500,000.00.

WHEREFORE, Third-Party Plaintiffs Kenneth E. Bryan and Bryanco, LLC demand:

(a) judgment in their favor against Clinton P. Cowen in an amount in excess of $500,000.00 in compensatory damages;

(b) judgment against Clinton P. Cowen for punitive damages in the amount of $1,000,000.00;

(c) judgment awarding Kenneth E. Bryan and Bryanco, LLC their costs and disbursements, including reasonable attorneys fees; and

(d) such other further relief as this Court may deem just and proper.

**JURY DEMAND ENDORSEMENT**

Defendants demand a trial by jury.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3583
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

OF COUNSEL:

Daniel A. Richards (0059478)
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX

Dated: November 15, 2006

**CERTIFICATE OF SERVICE**

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed this Answer, Counterclaim and Third-party Complaint on November 15, 2006. The Answer, Counterclaim and Third-party Complaint is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss