UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC.,<br>Plaintiff<br><br>v.<br><br>KENNETH E. BRYAN, Alias, d/b/a<br>BRYANCO and BRYANCO, LLC,<br>Defendants<br><br>v.<br><br>CLINTON P. COWEN,<br>Third-party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-452/S |

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants Bryanco, LLC and Kenneth E. Bryan move pursuant to Fed. R. Civ. P. 37 and LR Cv 54.1 for an award of their attorneys' fees and costs incurred in connection with their motions to compel plaintiff CPC Plastics, Inc. ("CPC Plastics") and third-party defendant Clinton P. Cowen ("Cowen") to respond to discovery requests, their motion to dismiss CPC Plastics' complaint and this motion for attorneys' fees (collectively, the "Motions"). Defendants respectfully request that the Court award $17,805.75 in attorneys' fees plus $920.34 in costs, for a total amount of $18,726.09.

Defendants file herewith a supporting memorandum, as well as itemized statements of all time expended by each attorney, the affidavit of Timothy M. Bliss, Esquire and the affidavit of Steven M. Richard, Esquire.

WHEREFORE, defendants respectfully request that the Court order CPC Plastics, Cowen and their counsel to pay defendants' attorneys' fees and costs incurred in connection with their Motions.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: May 8, 2008

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Defendants' Motion for Attorneys' Fees and Costs on May 8, 2008. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC., Plaintiff | ) | |
| v. | ) | C.A. No. 06-452/S |
| KENNETH E. BRYAN, Alias, d/b/a BRYANCO and BRYANCO, LLC, Defendants | ) | |
| v. | ) | |
| CLINTON P. COWEN, Third-party Defendant | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

I. BACKGROUND

CPC Plastics, Inc. ("CPC Plastics") originally filed this action in the Providence County Superior Court on or about September 7, 2006, pleading causes of action for "book account" and breach of contract. Defendants removed the case on or about October 13, 2006. Defendants answered and counterclaimed for anticipatory repudiation/breach of contract on or about November 15, 2006. Discovery closed on July 10, 2007.

During discovery, defendants served two sets of interrogatories and document production requests on CPC Plastics, Inc. ("CPC Plastics") and Clinton P. Cowen ("Cowen"). Defendants' second set of interrogatories and document requests, however, sought only information that Cowen improperly refused to disclose during his deposition pursuant to his counsel's instruction. CPC Plastics and Cowen failed to timely or properly respond to all of those requests, notwithstanding orders from Judge Martin compelling them to so respond.

On August 7, 2007, defendants moved to dismiss[1] CPC Plastics' complaint pursuant to Fed. R. Civ. P. 37(b) as a sanction for its failure to produce discovery materials to defendants, in spite of the two Court orders requiring it to do so. Defendants further requested that the Court award their attorneys' fees and costs incurred in connection with their motions to compel and their motion to dismiss as an additional sanction. CPC Plastics and Cowen did not file an objection to the motion to dismiss. The Court then referred defendants' motion to dismiss to Magistrate Judge Martin for Report and Recommendation.

The Court held a hearing on October 15, 2007 on defendants' motion to dismiss, but counsel for CPC Plastics and Cowen failed to appear. Nevertheless, the Court proceeded with the hearing and questioned and admitted evidence submitted by counsel for defendants. The Court took the matter under advisement following the hearing.

While defendants' motion remained pending, and due to the continuing failure of CPC Plastics and Cowen to properly respond to defendants' discovery requests, defendants were required to file several motions to extend the time for filing their pretrial memorandum, which was originally due on August 10, 2007. All of these motions were granted.

On April 3, 2008, Judge Martin issued a Report and Recommendation[2] ("R&R") in which he recommended that the defendants' motion to dismiss should be granted and that defendants should be "awarded their attorneys' fee and costs incurred in connection with the [motion to dismiss], as well as their motions to compel CPC Plastics and Cowen to provide discovery . . . ." Ex. B, p. 11-12. (Collectively, defendants' motions to compel and motion to dismiss will be referred to as the "Motions.") In so recommending, Judge Martin stated that "the misconduct of CPC Plastics and Cowen [during the discovery process] has been extreme and

---

[1] A copy of defendants' motion to dismiss and supporting memorandum is attached hereto as Exhibit A.

[2] A copy of Judge Martin's Report and Recommendation is attached hereto as Exhibit B.

egregious," id. at p. 8, "severe," id. at 10, "deliberate," id. at 11, and "prejudicial to Defendants." Id. Moreover, he held, "the egregious conduct of counsel for CPC Plastics and Cowen elevates the importance of the factor of deterrence in determining the appropriate sanction." Id. at 10. Neither CPC Plastics nor Cowen objected to Judge Martin's R&R.

On April 23, 2008, Judge Smith entered an order adopting the R&R. Defendants now move for an award of their attorneys' fees and costs incurred in connection with the Motions. Pursuant to LR Cv 54.1, defendants also submit the affidavit of Timothy M. Bliss, Esquire,[3] itemized statements of all time spent by each attorney, including a brief description of the services performed by each timekeeper[4] and the affidavit of Steven M. Richard, Esquire regarding the reasonableness of the fees requested.[5]

## II. ARGUMENT

### A. The Court Should Award Defendants Their Attorneys' Fees and Costs Incurred in Connection with Their Motions.

Federal Rule of Civil Procedure 37(a)(5)(A) permits a District Court to order a party or attorney responsible for discovery abuses to pay the reasonable attorneys' fees and expenses incurred by an opposing party that moves to compel the production of the improperly withheld discovery. In addition, Fed. R. Civ. P. 37(b)(2) provides that where a party fails to obey an order of the court or permit discovery, "[i]n lieu of any of the [enumerated sanctions] or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." (emphasis added). The rule suggests that such an award is mandatory, "unless

[3] Mr. Bliss' affidavit is attached hereto as Exhibit C.

[4] Copies of invoices from Vetter & White itemizing the time spent by each attorney are attached hereto as Exhibit D.

[5] Mr. Richard's affidavit is attached hereto as Exhibit E.

the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id.

In Damiani v. Rhode Island Hosp., 704 F.2d 12 (1st Cir. 1983), the First Circuit affirmed an order of the Rhode Island District Court dismissing the complaint and ordering plaintiff's counsel to pay defendants their attorneys' fees and costs incurred in connection with the motion to dismiss. In so holding, the First Circuit stated that "the failure of plaintiff's counsel to comply with the court's discovery order was intentional and not reasonably justified" and constituted "a willful dereliction of counsel's responsibility both to this court and to defendants." Id. at 14-15. The court observed that if the "conduct [of plaintiff and his attorney in this case] were condoned by a slap on the wrist, the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules." Id. at 16.

In this case, defendants were required to file two motions to compel, a motion to dismiss, and now this motion for attorneys' fees due to the complete disregard of their discovery obligations by CPC Plastics, Cowen and their counsel. As stated above, Judge Martin has already recommended that defendants be awarded their attorneys' fees and costs based on that "extreme and egregious" misconduct of those parties. Defendant respectfully requests that the Court enter an order awarding them their fees and costs in the amount set forth in the affidavits of Timothy M. Bliss, Esquire and the accompanying itemized statements.

B. Dismissal Is an Appropriate Sanction in this Case Based on the Egregious Conduct of CPC Plastics and Cowen.

The conduct of CPC Plastics and Cowen is even more egregious than the plaintiff in Damiani. CPC Plastics and Cowen failed to provide any documents or other information to defendants in response to their discovery requests. Their attorney refused to discuss the issue, despite numerous and regular attempts by defendants' counsel to contact him since prior to the filing of the initial motion to compel. Moreover, CPC Plastics and Cowen blatantly disregarded

two orders of this Court compelling them to produce the discovery materials sought by defendants. Under Fed. R. Civ. P. 37 and the decision of the First Circuit in Damiani, an award of defendants' attorneys' fees incurred in connection with the Motions is an appropriate sanction under these circumstances.

III. CONCLUSION

For the foregoing reasons, defendants' respectfully request that the Court order CPC Plastics, Cowen and their counsel to pay defendants' attorneys' fees and costs incurred in connection with the Motions.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: May 8, 2008

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Defendants' Memorandum of Law in Support of Motion for Attorneys' Fees and Costs on May 8, 2008. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss