# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CPC PLASTICS, INC., Plaintiff<br><br>v.<br><br>KENNETH E. BRYAN, Alias, d/b/a BRYANCO and BRYANCO, LLC, Defendants<br><br>v.<br><br>CLINTON P. COWEN, Third-party Defendant | C.A. No. 06-452/S |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDERS**

Defendants Bryanco, LLC and Kenneth E. Bryan move pursuant to Fed. R. Civ. P. 37(b)(2) for an order dismissing plaintiff's complaint as a sanction for its failure comply with the discovery orders of this Court. Defendants also respectfully request that the Court award defendants' their attorneys' fees and costs incurred in connection with this motion, as well as their motions to compel plaintiffs to respond to their discovery requests.

Defendants file herewith a supporting memorandum.

The movants have in good faith attempted to confer with plaintiff and third-party defendant regarding this motion in an effort to secure the discovery sought without Court action.

WHEREFORE, defendants respectfully request that the Court enter an order dismissing plaintiff's complaint and awarding defendants' attorneys' fees and costs incurred in connection with this motion and their motions to compel plaintiff and third-party defendant to respond to its discovery requests.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: August 7, 2007

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Defendants' Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Court Orders on August 7, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC., Plaintiff | ) | |
| v. | ) | C.A. No. 06-452/S |
| KENNETH E. BRYAN, Alias, d/b/a BRYANCO and BRYANCO, LLC, Defendants | ) | |
| v. | ) | |
| CLINTON P. COWEN, Third-party Defendant | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDERS**

I. BACKGROUND

CPC Plastics, Inc. ("CPC Plastics") originally filed this action in the Providence County Superior Court on or about September 7, 2006, pleading causes of action for "book account" and breach of contract. Defendants removed the case on or about October 13, 2006. Defendants answered and counterclaimed for anticipatory repudiation/breach of contract on or about November 15, 2007. On the same day, defendants also filed a third-party complaint against Clinton P. Cowen ("Cowen"), the principal owner of CPC Plastics, alleging fraud and seeking to pierce the corporate veil. On January 10, 2007, the Court held a Rule 16 conference at which time it set a discovery closure date and a deadline for filing dispositive motions of July 10, 2007.

Defendants served their first sets of interrogatories and document production requests on CPC Plastics and Cowen on or about May 23rd and May 29th, respectively. Defendants served their second sets of interrogatories and document production requests on CPC Plastics and Cowen on or about June 12th. Defendants moved for a 30-day extension of time in

which to file a dispositive motion, which the Court granted. Dispositive motions are now due August 10, 2007. CPC Plastics and Cowen, however, failed to respond to any of the discovery requests served on them.

Defendants filed motions to compel on July 3rd and July 13th, both of which were referred to Magistrate Judge Martin. Judge Martin granted those motions on July 24 and July 31, 2007. CPC Plastics and Cowen have failed to produce any of the information as ordered. Moreover, although defendants' counsel has attempted to contact counsel for CPC Plastics and Cowen numerous times by telephone and letter to discuss his clients' outstanding discovery requests and Judge Martin's order, Mr. DeCelles has failed to return any of those phone calls or otherwise respond.

Defendants now move to dismiss CPC Plastics' complaint pursuant to Fed. R. Civ. P. 37(b) as sanction for its complete failure to produce any discovery materials to defendants, in spite of two separate orders of this Court requiring it to do so. Furthermore, defendants respectfully request that the Court award them their attorneys' fees and costs incurred in connection with this motion, as well as their motions to compel.

## II. ARGUMENT

### A. Fed. R. Civ. P. 37 Permits this Court to Dismiss the Complaint and Award Defendants' Attorneys' Fees Based on the Failure of CPC Plastics and Cowen to Respond to Defendants' Discovery Requests in Violation of the Orders of this Court.

The First Circuit has held that a district court may dismiss a party's complaint as a sanction for the party's failure to obey a discovery order. Damiani v. Rhode Island Hosp., 704 F.2d 12 (1st Cir. 1983). See also Fed. R. Civ. Proc. 37(b)(2)(C). In so holding, the First Circuit noted that the United States Supreme Court had expressly approved of the dismissal of an action as a sanction for discovery violations in National Hockey League v. Metropolitan Hockey Club,

427 U.S. 639 (1976). The Supreme Court's ruling, the First Circuit stated, "represents a new approach to the ever-growing problem of coping with discovery delay in this era of evermore complex litigation." Id. at 15. The Damiani Court echoed the Supreme Court's decision in the National Hockey League case and stated that the ability to dismiss a party's case "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id.

In Damiani, the defendants had served interrogatories and document production requests on plaintiff. Id. at 13. Plaintiff failed to respond to those requests within the thirty-day period required by the federal rules, so defendants moved to compel. Id. Plaintiff also failed to object or otherwise respond to defendants' motion, which the court granted. Id. Plaintiff thereafter requested four separate extensions of time from defendants in which to respond to the discovery requests. Id. at 13-14. Defendants granted those requests, all of which were made after the deadline in the court's order, but plaintiff still failed to provide the requested information. Id. at 14. After the fourth deadline passed, defendants moved to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 37(b)(2) due to their failure to comply with the court's discovery order. Id. A few days prior to the hearing on defendants' motions to dismiss, the plaintiff provided defendants with limited discovery responses, which defendants characterized as "woefully inadequate." Id.

Notwithstanding the partial responses provided by the plaintiff in the days before the hearing, district court granted the defendants' motion and dismissed plaintiff's complaint. The court stated that "the failure of plaintiff's counsel to comply with the court's discovery order was intentional and not reasonably justified" and constituted "a willful dereliction of counsel's responsibility both to this court and to defendants." Id. at 14-15. As a result, the court

concluded that under National Hockey League and First Circuit cases, "[i]n light of the functions of specific and general deterrence that the sanction of dismissal serves, and considering counsel's total lack of diligence, the complaint must be dismissed." Id. at 15. In addition, the district court ordered plaintiff to pay defendants' attorneys' fees in connection with the motion to dismiss. Id. at 14.

The First Circuit upheld the dismissal of plaintiff's complaint and the award of attorneys' fees, holding that they were appropriate sanctions consistent with Supreme Court precedent. In fact, the Damiani Court observed, if the "conduct [of plaintiff and his attorney in this case] were condoned by a slap on the wrist, the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules." Id. at 16. The court further explained, "[t]he day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all." Id.

B. Dismissal Is an Appropriate Sanction in this Case Based on the Egregious Conduct of CPC Plastics and Cowen.

The conduct of CPC Plastics and Cowen is even more egregious than the plaintiff in Damiani. CPC Plastics and Cowen have failed to provide any documents or other information to defendants in response to their discovery requests. Their attorney has also refused to discuss these issues, despite numerous and regular attempts by defendants' counsel to contact him since prior to the filing of the initial motion to compel. Moreover, CPC Plastics and Cowen have blatantly disregarded two orders of this Court compelling them to produce the discovery materials sought by defendants. Under the decisions of the United Supreme Court's decision in National Hockey League and the First Circuit in Damiani, dismissal of plaintiff's complaint pursuant to Fed. R. Civ. P. 37(b)(2)(C) is an appropriate sanction under these circumstances.

C. CPC Plastics and Cowen Dismissal Should Be Ordered to Pay Defendants' Attorneys' Fees Incurred in Connection with this Motion, as Well as their Motions to Compel.

Federal Rule of Civil Procedure 37(b)(2) provides that where a party fails to obey an order of the court or permit discovery, "[i]n lieu of any of the [enumerated sanctions] or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." (emphasis added). The rule suggests that such an award is mandatory, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id.

In this case, the total failure of CPC Plastics and Cowen to provide any discovery materials to defendants, coupled with the refusal of their attorney to communicate with and/or respond to defendants' counsel, has left defendants with no choice but to file this motion to dismiss, as well as their two prior motions to compel. Therefore, defendants respectfully request that the Court order CPC Plastics and Cowen to pay their "reasonable expenses, including attorney's fees" incurred in connection with those motions.

## III. CONCLUSION

For the foregoing reasons, defendants' respectfully request that the Court dismiss plaintiff's complaint and award defendants' costs and attorneys' fees incurred in connection with this motion and their prior motions to compel.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: August 7, 2007

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Memorandum In Support Of Defendants' Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Court Orders on August 7, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss