# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC.,<br>Plaintiff,<br><br>v.<br><br>KENNETH E. BRYAN, Alias, d/b/a<br>BRYANCO and BRYANCO, LLC,<br>Defendants and<br>Third-Party Plaintiffs<br>v.<br><br>CLINTON P. COWEN,<br>Third-Party Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 06-452 S |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Orders (Document ("Doc.") #23) ("Motion to Dismiss" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that the Motion be granted.

**Facts**

Plaintiff CPC Plastics, Inc. ("CPC Plastics" or "Plaintiff"), filed this action in the Providence County Superior Court on or about September 7, 2006, pleading causes of action for "book account" and breach of contract. See Defendants' Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Orders ("Defendants' Mem.") at 1; Complaint ¶¶ 6, 9. Defendants Kenneth E. Bryan ("Bryan") and Bryanco, LLC, ("Bryanco") (collectively "Defendants"), removed the case to this Court on or about October 13, 2006. See Notice of Removal (Doc. #1). Defendants answered

and counterclaimed for anticipatory repudiation/breach of contract on or about November 15, 2007. See Answer, Counterclaim and Third-Party Complaint of Kenneth E. Bryan, Alias, DBA Bryanco and Bryanco, LLC (Doc. #6) ("Answer"), at 5-10. On the same date, Defendants filed a third-party complaint against Clinton P. Cowen ("Cowen"), the principal owner of CPC Plastics, alleging fraud and seeking to pierce the corporate veil. See id. at 11-14. On January 10, 2007, the Court conducted a Rule 16 conference and set July 10, 2007, as the date for the close of discovery and the deadline for filing of dispositive motions. See Pretrial Order (Doc. #12).

Defendants served their first set of interrogatories and document production requests on CPC Plastics and Cowen on or about May 23, 2007, and May 29, 2007, respectively. See Defendants' Mem. at 1. Defendants served their second set of interrogatories and document production requests on CPC Plastics and Cowen on or about June 12, 2007. See id. On June 28, 2007, Defendant Bryan moved for a thirty day extension of time within which to file a dispositive motion, noting that the discovery requests which had been served upon Plaintiff and Cowen were still outstanding. See Motion to Extend Time to File Dispositive Motion (Doc. #18) ("Motion to Extend") at 1. In support of his request, Bryan stated that an extension would permit him to review those discovery responses prior to filing his dispositive motion and to incorporate any pertinent information therein. See id. The Motion to Extend was granted on July 2, 2007. See Docket.

On July 3, 2007, Defendants filed motions to compel CPC Plastics and Cowen to respond to the their first set of interrogatories and request for production of documents. See Bryanco, LLC's Motion to Compel Answers to Interrogatories by Plaintiff CPC Plastics, Inc. and Third-Party Defendant Clinton P.

Cowen (Doc. #19); Defendants' Motion to Compel Production of Documents by Plaintiff CPC Plastics, Inc. and Third-Party Defendant Clinton P. Cowen (Doc. #20). On July 13, 2007, Bryanco moved to compel CPC Plastics and Cowen to respond to Bryanco's second set of interrogatories and second request for production of documents. See Bryanco, LLC's Motion to Compel Answers to Its Second Set of Interrogatories by Plaintiff CPC Plastics, Inc. and Third-Party Defendant Clinton P. Cowen (Doc. #21); Defendants' Motion to Compel Production of Documents by Plaintiff CPC Plastics, Inc. and Third-Party Defendant Clinton P. Cowen (Doc. #22). These motions to compel were granted by the Court in text orders issued on July 24 and 31, 2007. See Docket.

Defendants' counsel attempted numerous times to contact the attorney representing CPC Plastics and Cowen by telephone and letter to discuss the outstanding discovery requests and the orders granting the motions to compel. See Defendants' Mem. at 4. However, the attorney, Gerard M. DeCelles ("Mr. DeCelles"), failed to respond to any of these phone calls or letters. See id.

Defendants filed the instant Motion to Dismiss on August 7, 2007. See Docket. They seek dismissal of Plaintiff's Complaint as a sanction for its failure to comply with discovery orders of this Court. See Motion at 1. Defendants additionally request an award of attorneys' fees and costs incurred in connection with the Motion and their prior motions to compel Plaintiff and Cowen to respond to their discovery requests. See id.

No objection to the Motion to Dismiss was filed, see Docket, and no one appeared for Plaintiff and Cowen at the October 15, 2007, hearing which the Court conducted on the Motion, see id. At that hearing, counsel for Defendants, Timothy M. Bliss ("Mr. Bliss"), stated that on or about September 11, 2007, he had received an objection to the Motion and a memorandum in support

of that objection.[1] See Tape of 10/15/07 Hearing. The objection and memorandum were signed by Mr. DeCelles. See id. The memorandum, consisting of two sentences, asked that the Motion be denied because the discovery requests had allegedly been answered. See id. Mr. Bliss immediately sent a letter to Mr. DeCelles, disputing the accuracy of the memorandum and asking that it be withdrawn. See id.

Thereafter, Mr. Bliss received a telephone call from CPC Plastics' outside counsel, Rick Nicholson ("Mr. Nicholson"), who indicated that he was calling as a result of Mr. Bliss' letter to Mr. DeCelles. See id. Mr. Nicholson explained that he thought that he had forwarded the discovery to Mr. Bliss and implied that this was the basis for the statement in memorandum. See id. Mr. Bliss responded that he had not received any discovery. See id. Mr. Nicholson stated that he would check his notes regarding the matter. See id. Approximately two hours later, Mr. Nicholson called back and indicated that the discovery had not been sent and that the fault was his. See id. Mr. Nicholson offered to send copies of the discovery materials to Mr. Bliss, but indicated that he did not know how helpful they would be. See id. Mr. Bliss subsequently received approximately an inch and one-half stack of documents from Mr. Nicholson by courier. See id.

At the October 15, 2007, hearing on the Motion, Mr. Bliss presented the documents which he had received, and the Court had them marked as a hearing exhibit. See Defendants' Hearing Exhibit A ("Ex. A"). Among the documents were copies of Bryanco's first and second sets of interrogatories to CPC Plastics and Cowen. The copies bore brief scribbled responses to some but not all of the interrogatories. See Ex. A. Some

---

[1] The objection and the memorandum were not filed with the Court. See Docket.

interrogatories were answered with the notation "N/A" or "See attached," Ex. A, the latter reference apparently referring to the one and a-half inch stack of documents which accompanied the copies. Following the hearing, the Court took the Motion under advisement.

**Law**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the court may, *inter alia*, make such orders in regard to the failure as are just, including: 1) refusing to allow the disobedient party to support designated claims or prohibiting that party from introducing designated matters in evidence; 2) striking out pleadings or parts thereof, or dismissing the action or any part thereof; and 3) requiring the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(b)(2)(A).[2]

The United States Supreme Court has upheld dismissal of an action pursuant to Rule 37 where the plaintiffs failed to timely answer interrogatories. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640, 96 S.Ct. 2778, 2779 (1976)(finding

[2] The December 1, 2007, amendments to the Federal Rules of Civil Procedure made stylistic changes to the language of Rule 37(b)(2). See Fed. R. Civ. P. 37 advisory committee note for 2007 amendment. Although these changes do not affect the resolution of the instant Motion, the Court applies the Rule as it existed prior to the most recent amendments. See MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 73 F.3d 1253, 1257 (2nd Cir. 1996)(stating that because the allegedly sanctionable conduct occurred prior to the effective date of the 1993 amendments, the district court was required to apply the standard of conduct set forth in the pre-1993 rule); see also Legault v. Zambarano, 105 F.3d 24, 27 n.1 (1st Cir. 1997)(noting that district court judge applied the civil rules as they existed prior to the 1993 amendments out of concern that application of the rules in their later form might be unfair because the misconduct occurred before the effective date of the amendments).

Case 1:06-cv-00452-S-DLM Document 29 Filed 04/03/2008 Page 6 of 12

district judge did not abuse discretion in dismissing action "where crucial interrogatories remained substantially unanswered despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour; and notwithstanding several admonitions by the [c]ourt and promises and commitments by the plaintiffs"); Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1983)(describing Nat'l Hockey League as "a turning point in the law on the use of the sanction of dismissal for failure to obey a discovery order"); see also Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999)("Rule 37(b)(2)(C)[3] specifically provides for dismissal if a party fails to comply with an order to provide discovery ...."); United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant."); Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976)("[I]n an appropriate case a district court has power ... to nonsuit a plaintiff[] for failure to comply with the court's orders or rules of procedure."). However, "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991)(quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990))(alteration in original); cf. Coyante v. Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997)("discovery abuse, while sanctionable, does not require as a matter of law imposition of most severe sanctions available") (citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st

---

[3] As a result of the December 1, 2007, amendment to the Rules, this provision is now Rule 37(b)(2)(A).

Cir. 1990)); Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977)("isolated oversights should not be penalized by a default judgment"). Thus, it has long been the rule in the First Circuit that "a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'" Id. at 5 (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)); Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977)("The essential reason for the traditional reluctance of the courts to default a party is the 'policy of the law favoring the disposition of cases on their merits.'")(quoting Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971)).

Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Angulo-Alvarez v. Aponte de la Torre, 170 F.3d at 252; see also Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001)(holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d at 10-11 (finding "plaintiff's conduct evidenced a deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal"). "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); accord Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing

Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril'") (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

When noncompliance with an order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d at 81 (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 46). The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d at 392. Among the relevant factors which the court should consider in deciding whether to dismiss an action for failure to comply with discovery orders are: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions." Malloy v. WM Specialty Mortgage LLC, 512 F.3d 23, 26 (1st Cir. 2008)(internal quotation marks omitted). A court should also consider whether the offending party has been given notice and opportunity to explain its noncompliance and to argue for a lesser penalty. See id.

**Discussion**

Applying the above law to the facts in the instant matter, it is clear that the misconduct of CPC Plastics and Cowen has been extreme and egregious. They did not respond in any way to Defendants' discovery motions, forcing Defendants to file motions

to compel. After the Court granted Defendants' motions to compel, CPC Plastics and Cowen still failed to respond. Their counsel, Mr. DeCelles, failed to return numerous telephone calls from Defendants' counsel regarding the outstanding discovery requests and the Court's orders that they provide the overdue discovery. Defendants, understandably frustrated by this total lack of compliance with discovery obligations, filed the instant Motion to Dismiss. In a continuation of the same pattern of non-engagement, CPC Plastics and Cowen did not object to the Motion. They also failed to appear at the October 15, 2007, hearing to explain their noncompliance and/or to argue for a lesser penalty than dismissal.

The documents provided by Mr. Nicholson to Defendants' counsel, see Ex. A, are not a substitute for signed, complete answers to the interrogatories posed by Defendants. The handwritten responses, such as they are, are clearly incomplete and do not come close to satisfying the requirements of Rule 33(b). For example, Interrogatory No. 14 of Bryanco, LLC's First Set of Interrogatories to Plaintiff asks Plaintiff to:

> State each and every fact upon which you base your allegations in paragraph 6 of your complaint that "Defendants Kenneth E. Bryan, Alias d/b/a and Bryanco, LLC are indebted to Plaintiff CPC in the sum of Two Hundred Twenty-three Thousand ($223,000) Dollars on book account" and identify:
>
> (a) all documents that contain or reflect any fact stated in your response to this interrogatory;
>
> (b) all persons with any knowledge of any fact stated in response to this interrogatory.

Ex. A (Bryanco, LLC's First Set of Interrogatories to Plaintiff at 7 (Interrogatory No. 14)). The entire response to this interrogatory is "See Attached," id., apparently referring to the inch and one-half stack of documents which Mr. Bliss received

from Mr. Nicholson and which the Court designated as Defendants' Hearing Ex. A. Defendants are not required to sift through a large stack of documents and attempt to guess which ones are being referenced by the writer.[4]

The level of misconduct in this case is at least on a par with that in Damiani where the First Circuit observed that "[i]f such conduct were condoned by a slap on the wrist, the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules." Damiani v. Rhode Island Hosp., 704 F.2d at 16 (footnote omitted). Indeed, the egregious conduct of counsel for CPC Plastics and Cowen elevates the importance of the factor of deterrence in determining the appropriate sanction. See id. at 15 (stating "that the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). Mr. DeCelles did not respond to the discovery motions within the thirty days required by Rules 33(b)(2) and 34(b). He did not object or otherwise respond to the motions to compel. He failed to respond to numerous telephone calls and letters from Defendants' counsel regarding the outstanding discovery requests. He did not file an objection to the Motion to Dismiss, and he did not appear at the hearing to offer any explanation for CPC Plastics' and Cowen's noncompliance.

In sum, I find that CPC Plastics' and Cowen's violation of their discovery obligations is severe. They failed to respond in any manner to the discovery requests for almost four months. They disregarded the Court's orders that they comply. They

---

[4] The responses to the interrogatories are unsigned, although it appears the author of the handwritten response is Cowen.

ignored repeated attempts by Defendants' counsel to obtain compliance or otherwise engage them regarding the outstanding discovery. CPC Plastics and Cowen have offered no excuse for their noncompliance (despite having been afforded the opportunity to appear at the October 15, 2007, hearing), and the Court is unaware of any mitigating circumstances. The Court can only conclude in the circumstances presented that their noncompliance has been deliberate. The Court further finds that the failure to provide discovery was prejudicial to Defendants because it deprived them of the ability to use the discovery in filing their dispositive motion. Lesser sanctions would be inadequate because they would not adequately deter the egregious misconducted in which CPC Plastics and Cowen and their counsel have engaged. While it is true that CPC Plastics and Cowen have not been explicitly warned by the Court that dismissal could result from their continued failure to comply with the Court's discovery orders, they deliberately chose not to respond to the Motion to Dismiss or to appear at the October 15, 2007, hearing and plead for a lesser sanction. Thus, by their own choice they deprived the Court of the opportunity to give such warning. Cf. Torres-Vargas v. Pereira, 431 F.3d at 393 ("a party flouts a court order at his peril"); accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

Accordingly, to the extent that the Motion to Dismiss seeks dismissal of Plaintiff's complaint as a sanction for its failure to comply with the discovery orders of this Court, the Motion should be granted. I so recommend.

In addition, because CPC Plastics and Cowen have not offered any explanation for their failure to provide discovery, the Court is unable to find that their failure to make timely discovery

"was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).[5] Accordingly, to the extent that the Motion seeks to have Defendants awarded their attorneys' fees and costs incurred in connection with the Motion as well as their motions to compel CPC Plastics and Cowen to provide discovery, the Motion should be granted. I so recommend.

**Conclusion**

For the reasons stated above, I recommend that Defendants' Motion to Dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[6] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 3, 2008

---

[5] See n.2.

[6] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).