UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC.,<br>Plaintiff<br><br>v.<br><br>KENNETH E. BRYAN, Alias, d/b/a<br>BRYANCO and BRYANCO, LLC,<br>Defendants<br><br>v.<br><br>CLINTON P. COWEN,<br>Third-party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-452/S |

**DEFENDANTS' MOTION FOR DEFAULT JUDGMENT FOR FAILURE TO COMPLY WITH COURT ORDERS**

Defendants Bryanco, LLC and Kenneth E. Bryan move pursuant to Fed. R. Civ. P. 37 for default judgment against CPC Plastics, Inc. ("CPC Plastics") and Clinton P. Cowen ("Cowen") with respect to defendants' counterclaims and third-party complaint as a sanction for their continuing failure to participate in discovery or comply with the discovery orders of this Court. Defendants also respectfully request that the Court award defendants' their attorneys' fees and costs incurred in connection with this motion.

Defendants file herewith a supporting memorandum.

The movants have in good faith attempted to confer with plaintiff and third-party defendant regarding this motion in an effort to secure the discovery sought without Court action.

WHEREFORE, defendants respectfully request that the Court enter default judgment against CPC Plastics and Cowen with respect to defendants' counterclaims and third-party complaint and award defendants' attorneys' fees and costs incurred in connection with this motion.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: May 23, 2008

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Motion on May 23, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC.,<br>Plaintiff<br><br>v.<br><br>KENNETH E. BRYAN, Alias, d/b/a<br>BRYANCO and BRYANCO, LLC,<br>Defendants<br><br>v.<br><br>CLINTON P. COWEN,<br>Third-party Defendant | ) | C.A. No. 06-452/S |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

I. BACKGROUND

CPC Plastics, Inc. ("CPC Plastics") originally filed this action in the Providence County Superior Court on or about September 7, 2006, pleading causes of action for "book account" and breach of contract. Defendants removed the case on or about October 13, 2006. Defendants answered and counterclaimed for anticipatory repudiation/breach of contract on or about November 15, 2006. At the same time, defendants filed a third-party complaint against Cowen alleging fraud and seeking to pierce the corporate veil and hold Cowen personally liable for CPC Plastics' actions. Discovery closed on July 10, 2007.

During discovery, defendants served two sets of interrogatories and document production requests on CPC Plastics, Inc. ("CPC Plastics") and Clinton P. Cowen ("Cowen"). CPC Plastics and Cowen failed to timely or properly respond to any of those requests, notwithstanding orders from Judge Martin compelling them to so respond.

On August 7, 2007, defendants moved to dismiss CPC Plastics' complaint pursuant to Fed. R. Civ. P. 37(b) as a sanction for its failure to produce discovery materials to defendants, in spite of the two Court orders requiring it to do so. Defendants further requested that the Court award their attorneys' fees and costs incurred in connection with their motions to compel and their motion to dismiss as an additional sanction. CPC Plastics and Cowen did not file an objection to the motion to dismiss. The Court then referred defendants' motion to dismiss to Magistrate Judge Martin for Report and Recommendation.

On April 3, 2008, Judge Martin issued a Report and Recommendation ("R&R") in which he recommended that the defendants' motion to dismiss should be granted and that defendants should be "awarded their attorneys' fee and costs incurred in connection with the [motion to dismiss], as well as their motions to compel CPC Plastics and Cowen to provide discovery . . . ." Ex. B, p. 11-12. (Collectively, defendants' motions to compel and motion to dismiss will be referred to as the "Motions.") In so recommending, Judge Martin stated that "the misconduct of CPC Plastics and Cowen [during the discovery process] has been extreme and egregious," id. at p. 8, "severe," id. at 10, "deliberate," id. at 11, and "prejudicial to Defendants." Id. Neither CPC Plastics nor Cowen objected to Judge Martin's R&R.

On April 23, 2008, Judge Smith entered an order adopting the R&R. On May 8, 2008 defendants moved for an award of their attorneys' fees and costs incurred in connection with their Motions, which remains pending. Notwithstanding this Court's orders to compel and subsequent dismissal of plaintiff's complaint, CPC Plastics and Cowen still have not responded to defendants' outstanding discovery requests. Therefore, defendants now move for default judgment on their counterclaims against CPC Plastics and third-party complaint against Cowen.

## II. ARGUMENT

### A. Fed. R. Civ. P. 37 Permits this Court to Render a Default Judgment Against CPC Plastics and Cowen for Failing to Respond to Defendants' Discovery Requests in Violation of the Orders of this Court.

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that where a party fails to obey an order of the Court or permit discovery, the District Court may issue an order "rendering a default judgment against the disobedient party." Moreover, Fed. R. Civ. P. 37(d)(1) provides that the Court may "order sanctions" against a party that refuses to serve answers or other responses to interrogatories or document requests. Such sanctions include a default judgment. See Fed. R. Civ. P. 37(d)(3). See, generally, United States v. Palmer, 956 F.2d 3, 7 (1st Cir. 1992). The First Circuit has affirmed the entry of default judgment against a party that had engaged in severe discovery abuses, explaining, "[a] federal district court must be able to protect the administration of justice by levying sanctions in response to abusive litigation practices." Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st Cir. 1985).

Numerous other federal courts have entered default judgments against parties for discovery violations and other litigation abuses similar to those engaged in by CPC Plastics and Cowen. See Dillon v. Champions BBQ, Inc., 2008 WL 186528 at *1 (M.D. Fla. 2008) ("The Eleventh Circuit holds that when less drastic sanctions do not ensure compliance with court orders, such as when a defendant refuses to reveal discoverable information and willfully violates court orders, the severe sanction of a default judgment is appropriate"), citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542-43 (11th Cir. 1993); Wynn's Extended Care, Inc. v. Hohman, 2007 WL 2915166 at *1 (E.D. Wis. 2007)("Default judgment is an appropriate sanction in the instant case. Defendants are not interested in responding to discovery requests or complying with the Court's orders regarding discovery. Defendants are clearly at fault, and a less severe sanction is unlikely to inspire compliant conduct"); Rude v. The Dancing Crab at

Washington Harbour, LP, 245 F.R.D. 18, 22 (D.D.C. 2007)("Default judgment is an appropriate sanction where (1) "the opposing party's ability to present its case has been so severely prejudiced that it would be unfair to require him to proceed," (2) "the burden placed on the court is intolerable," and (3) "there is a sufficient need to deter similar conduct in the future."); United States v. $188,911.00 in U.S. Currency, 2005 WL 2446232 at *5 (S.D.N.Y. 2005)("Since Claimants have repeatedly, and apparently, deliberately, refused to comply with the Court's Orders despite repeated opportunities to do so, the ultimate sanction of default judgment is now appropriate") , citing Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2nd Cir. 1997).

In this case, CPC Plastics and Cowen deliberately ignored two Orders issued by the Court compelling them to produce discovery materials requested by defendants. Judge Martin held in his R&R that defendants had been prejudiced as a result of CPC Plastics' and Cowen's refusal to respond to defendants' discovery requests in this case. CPC Plastics and Cowen did not object to Judge Martin's decision, which was then adopted by this Court. Although the plaintiff's complaint has now been dismissed, defendants' counterclaims against CPC Plastics and third-party complaint against Cowen remain. The discovery abuses of CPC Plastics and Cowen have prevented defendants from developing facts necessary to their case and deprived them of the ability to properly prepare and try their claims against CPC Plastics and Cowen. Therefore, defendants' respectfully request that the Court enter default judgment on their counterclaims against CPC Plastics and third-party complaint against Cowen.

B. CPC Plastics and Cowen Should Be Ordered to Pay Defendants' Attorneys' Fees Incurred in Connection with this Motion.

Federal Rule of Civil Procedure 37(b)(2) provides that where a party fails to obey an order of the court or permit discovery, "[i]n lieu of any of the [enumerated sanctions] or in addition thereto, the court *shall* require the party failing to obey the order or the attorney

advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." (emphasis added). Id. In addition, Fed. R. Civ. P. 37(d)(3) states that where the Court sanctions a party for refusing to serve answers or other responses to interrogatories or document requests, "[i]nstead of or in addition to these sanctions [set forth in subsection (b)(2)(A)], the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" (emphasis added). These rules suggest that such an award is mandatory, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

CPC Plastics and Cowen have failed to provide any discovery materials to defendants, in spite of two Orders of this Court compelling them to do so, as well as Judge Martin's R&R – which was adopted by this Court – dismissing plaintiff's complaint and awarding defendants their attorneys' fees and costs in connection with those motions. They have not argued that their failure was substantially justified or offered any evidence to suggest that further sanctions for their conduct would be unjust. Based on CPC Plastics' and Cowen's continuing refusal to provide the requested materials to defendants, defendants have filed this motion seeking a default judgment on their counterclaims and third-party complaint as a further discovery sanction. Therefore, defendants respectfully request that the Court order CPC Plastics and Cowen to pay their "reasonable expenses, including attorney's fees" incurred in connection with this motion.

## III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter default judgment against CPC Plastics and Cowen with respect to defendants' counterclaims and

third-party complaint and award defendants' attorneys' fees and costs incurred in connection with this motion

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: May 23, 2008

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Memorandum on May 23, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss