UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CPC PLASTICS, INC., Plaintiff | ) | |
| v. | ) | C.A. No. 06-452/S |
| KENNETH E. BRYAN, Alias, d/b/a BRYANCO and BRYANCO, LLC, Defendants | ) | |
| v. | ) | |
| CLINTON P. COWEN, Third-party Defendant | ) | |

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants Bryanco, LLC and Kenneth E. Bryan respectfully request that the jury be instructed in accordance with the attached jury instructions.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants and Third-party Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Daniel A. Richards
Daniel A. Richards (0059478)
Weston Hurd LLP
Attorneys for Defendants and Third-party Plaintiffs
The Tower at Erieview
1301 East 9th Street - Suite 1900
Cleveland, Ohio 44114-1862
(216) 687-3256
(216) 621-8369 FAX
drichards@westonhurd.com

Dated: May 23, 2008

CERTIFICATE OF SERVICE

To:

Gerard M. DeCelles, Esq.
1536 Westminster Street
Providence, RI 02909

I hereby certify that I electronically filed the within Proposed Jury Instructions on May 23, 2008. The Proposed Jury Instructions are available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 1**

WHAT CONSTITUTES EVIDENCE

Your duty is to decide this case based upon the evidence presented. The evidence in this case will consist of three things. They are the sworn testimony of the witnesses, the exhibits received in evidence, and all facts that I might instruct you have been admitted or accepted as true by the parties.

Anything you might see or hear outside the courtroom or when the court is not in session is not evidence and must be ignored by you even if what you see or hear is something done or said by one of the parties, their attorneys or even a witness in the case. Only the evidence that has been presented here in the courtroom is to be considered by you in deciding the facts of this case.

You should also ignore any testimony or evidence that I might indicate is stricken from the case. I know it can be difficult for any person to forget about something that he or she has already heard or learned. Nonetheless, you must ignore and disregard any evidence that I strike or instruct you to disregard. That testimony or evidence is no longer part of the body of the evidence which you consider in this case. Whether you hear me grant an attorney's request that the evidence in question be stricken or whether I specifically direct you to disregard that evidence, the effect is the same.

SOURCE: §101, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 2**

STATEMENTS OF COUNSEL

Statements and arguments made by the attorneys are not evidence. During the course of the trial the attorneys make opening statements as well as final arguments. The opening statement is the attorney's opportunity to give you an overview of what it is that the attorney hopes to prove during trial. It is done to help you follow the evidence. The final or closing argument is the attorney's opportunity to argue the facts of the case. During the closing arguments they will try to persuade you to find for their respective clients. You should not consider either the opening statement nor the final arguments as evidence. Likewise you must not consider as evidence anything the attorneys may say when they object to the introduction of certain testimony or documents into the case. While you may take into account the statements, remarks and comments of counsel in helping you to follow the evidence, you must decide the facts of the case based solely on the evidence.

SOURCE: §102, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

## BRYANCO'S PROPOSED JURY INSTRUCTION NO. 3

SIGNIFICANCE OF OBJECTIONS

During the course of the trial the attorneys will most likely be making objections to the admissibility of evidence. In other words, the attorneys will be questioning whether the law permits the jury to base its consideration of the case on the evidence that is being offered to it. When I rule on these objections, I am ruling on whether or not the law permits that evidence or information to be considered by the jury in deciding the facts of the case.

When an objection is made and I overrule that objection by saying "Overruled" or "Allowed" or "I will allow it," I have determined that the law permits the jury to consider this evidence and that I must admit it into the case. The witness is allowed to answer the question or the exhibit is marked as a full exhibit and admitted into evidence.

When an objection is made and I sustain the objection by saying "Sustained" or I instruct a witness not to answer, I have determined that the law does not permit the jury to consider this evidence and that I must not admit it into the case for the jury's consideration. When I sustain an objection, it is important that you not draw any inference from the unanswered question and that you not speculate on what the answer might have been. And, where I sustain an objection but the witness has already answered, you must ignore and disregard that answer because it is treated as having been stricken from the record. You may not consider the answer in deciding the case.

Finally, with respect to the making of objections, you should not permit the objections of counsel, whether to the admissibility of evidence or even to a ruling of the Court, to create any bias or prejudice in your minds with respect to an attorney or the party he/she represents. It is an attorney's duty to protect the rights and interests of his/her client, and in the performance of that duty he or she may make objections to the admission of evidence and any rulings of the Court he or she believes are appropriately taken. Neither the attorney nor his or her client should suffer any adverse consequences from fulfilling that duty.

SOURCE: §103, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 4**

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Since your role is to decide the facts of the case you should be aware that facts may be proved by two types of evidence. One type is direct evidence and the other is indirect evidence. When we speak of indirect evidence we are speaking of what is often called circumstantial evidence or circumstantial proof.

Direct evidence is testimony by a witness about what the witness personally saw or heard or did. Circumstantial proof, that is, indirect proof, means proof of certain facts from which one can find or determine another fact.

You may consider both direct and circumstantial evidence in deciding this case. If you believe that certain or particular circumstances or facts have been proved at trial then you may accept as true any fact which you believe is logically and reasonably deduced from those facts or circumstances. The law permits the jury to give as much weight and consideration to facts proved through circumstantial evidence as those proved by direct evidence. Where direct evidence in support of the truth of a particular fact is at odds with the circumstantial evidence, you are free to give as much weight or as little to the circumstantial proof if you believe that the evidence and your assessment of the credibility of the witnesses warrant it. Evidence need not be discounted simply because it is circumstantial or indirect.

SOURCE: §104, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *Oury v. Greany*, 107 R.I. 427, 267 A.2d 700 (R.I. 1970); *Waldman v. Shipyard Marina Inc.*, 102 R.I. 306, 230 A.2d 841 (1967).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 5**

IMPEACHMENT OF WITNESS

A witness may be impeached, that is, his or her credibility may be brought into question by showing that on some prior occasion he or she made a statement about a material issue that contradicts the testimony he or she gives at trial. If you find, from all the evidence, that a witness did at some prior time make a statement that contradicts his or her trial testimony, then you may consider that contradiction when determining the credibility of the witness, or the weight that you will give to his or her testimony. You should also consider, though, any explanation the witness gives for the contradiction, whether the contradiction was a significant one and in what context the witness gave the earlier statement.

SOURCE: §105.2, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 6**

EXPERT WITNESSES – GENERALLY

Ordinarily, the law does not permit a witness to testify about his or her opinions or conclusions. An exception to this rule exists for those witnesses we call "expert witnesses." An expert witness is a person who, through education or experience, has developed expertise in an art or science, profession or calling and, as a result, is permitted to give his or her opinion about matters in which they are experts. They may also state the basis for their opinions. If expert testimony is admitted into this case, you will be required to assess the credibility of that testimony and determine how much weight you will give to it.

Simply because a witness has been identified to you as an expert does not mean that you are required to accept what he or he says as true. You must consider each expert opinion admitted into evidence in this case and give it such weight as you think it deserves. You may entirely disregard the opinion of an expert or any part of the opinion of an expert. In doing so you may consider all of the other factors that I reviewed with you when I instructed you on the credibility of witnesses generally.

In addition you should consider the factual basis for the expert's opinion. If the facts upon which the opinion is based are not in accordance with the facts as you find them to be then you should consider that in determining how much, if any, of the expert's testimony you will accept as true. And, if you should decide that the opinion of an expert witness is not based upon sufficient education or experience or if you should conclude that the expert's reasons given in support of his or her opinion are not sound or complete, or if you feel it is outweighed by other evidence, you may disregard the opinion entirely.

SOURCE: §105.3, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 7**

SPECULATION AND CONJECTURE

It will often happen in a case that the evidence does not answer all of the questions that the jury might have about it. Sometimes the evidence will invite the jury to speculate about things that are not in the evidence. For example, sometimes witnesses are not asked all of the questions that the jury might wonder about or sometimes the judge's rulings prevent the witness from answering a question that the jury would like answered. It is very important that you not speculate about the evidence or even what you might perceive to be a lack of evidence. In deciding the facts of this case you may rely only upon the evidence and not your own conjecture about, say, what a witness might have said or what a particular document might have shown.

SOURCE: §206, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 8**

BURDEN ON COUNTER-CLAIMANT
AND THIRD-PARTY PLAINTIFF, BRYANCO

In this case we only have Bryanco's claims against CPC Plastics and Clinton P. Cowen. Those claims are for breach of contract, fraud, and piercing the corporate veil. For purposes of determining those claims, the burden of proof is on Bryanco. Since the law places the burden of proving the validity of a claim upon the one making the claim, then it is logical that the burden of proof must be on anyone making a claim whether it is the original claim in the case or whether it is a counterclaim. The burden is on Bryanco to prove each of the elements of the claims.

Since we call the one making a claim a "plaintiff," any person making a counterclaim becomes the plaintiff in counterclaim even though he/she remains the defendant in the original claim in the case. So, whenever I refer to the plaintiff as having the burden of proof, I am referring to the person that is asserting a claim - whether it is the original claim or the counterclaim.

SOURCE: §301.3, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 9**

ELEMENTS OF FRAUD

In this case Bryanco has made a claim for fraud against Clinton P. Cowen. Specifically, Bryanco alleges that Cowen, as the principal, owner and alter ego of CPC Plastics, Inc., made material misrepresentations and repeated assurances to Bryanco regarding the company's willingness to comply with the Technical Consulting Services Agreement between the two companies. It is alleged that Clinton P. Cowen made misrepresentations in an effort to induce Bryanco to enter into the Agreement and did so under fraudulent terms and conditions, knowing full well that he, and his company, would not abide by the terms of the Agreement. In order to prevail on this claim Bryanco must prove certain elements.

Bryanco must prove that Cowen made a false representation about a material fact concerning the agreement, that he knew his/her representation was false when made, that he intended to deceive Bryanco by inducing Bryanco to rely on the false representation in entering into the agreement, that Bryanco did rely on the false representation, that Bryanco's reliance on the false representation was reasonable under the circumstances, and that Bryanco suffered some loss or harm as a proximate result of Cowen's representation.

If you find all of these elements have been proven by Bryanco, then you will decide what amount of damages Bryanco is entitled to as a result of Clinton P. Cowen's fraudulent acts.

SOURCE: §2501.1, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *Fleet National Bank v. Anchor Media Television, Inc.*, 831 F.Supp. 16 (D.R.I. 1993); *LaFazia v. Howe*, 575 A.2d 182 (R.I. 1990); *McGovern v. Crossley*, 477 A.2d 101 (R.I. 1984); *Halpert v. Rosenthal*, 107 R.I. 406, 267 A.2d 730 (1970); *Travers v. Spidell*, 682 A.2d 471 (R.I. 1996).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 10**

MISREPRESENTATION DEFINED

A misrepresentation is defined as any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the true facts.

A misrepresentation must be one of an existing fact, that is, statements of opinion are not representations of existing facts and may not form the basis of a claim for misrepresentation.

A misrepresentation may take the form of an oral statement or it may be conduct or a course of conduct clearly intended to deceive as to the fact, circumstance or conditions actually existing.

SOURCE: §2507.1, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also *St. Paul Fire & Marine Insurance Co. v. Russo Bros., Inc.*, 641 A.2d 1297 (R.I. 1994); *Focus Investment Associates, Inc. v. American Title Insurance Co.*, 797 F.Supp. 109 (D.R.I. 1992) affirmed in part, vacated in part, 992 F.2d 1231 (1st Cir. 1993); *Hydro-Manufacturing, Inc. v. Kayser-Roth Corp.*, 640 A.2d 950 (R.I. 1994); *In re DeRosa*, 103 B.R. 382 (Bkrtcy. D.R.I. 1989); *Halpert v. Rosenthal*, 107 R.I. 406, 267 A.2d 730 (1970); *East Providence Loan Co. v. Ernest*, 103 R.I. 259, 236 A.2d 639 (1968); *Grassi v. Gomberg*, 81 R.I. 302, 102 A.2d 523 (1954).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 11**

MISREPRESENTATION DEFINED – NONDISCLOSURE
EQUIVALENT TO AN ASSERTION

Generally, mere silence does not constitute a misrepresentation. However, there are circumstances under which a person will have a duty to speak and, in those, situations, that person's [silence/concealment of facts/information] will amount to an assertion.

A person's non-disclosure of a fact or information known to him/her is equivalent to an assertion that the fact or information does not exist where:

Before a person's silence is deemed to be conduct amounting to an assertion it must be proved that the person had knowledge of the true facts as well as the opportunity to speak.

SOURCE: §2507.2, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). *Home Loan & Inv. Ass'n v. Paterra*, 105 R.I. 763, 255 A.2d 165; *Green v. Tingle*, 92 R.I. 393, 169 A.2d 373 (1961); *McGinn v. McGinn*, 50 R.I. 236, 146 A. 636 (1929); *Restatement (Second) of Contracts*, §161 (1965). See also, *Restatement (Second) of Torts*, §551 (1977).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 12**

MATERIAL FACT DEFINED

A material fact is a fact that is likely to affect the conduct of a reasonable person entering into the contract/transaction in question. It is a fact that would induce a reasonable person either to act or not act in the context of the undertaking at issue.

A misrepresentation of fact or information becomes material when it is likely to affect the conduct of a reasonable person with respect to a transaction with another person.

SOURCE: §2507.3, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *Jackvony v. RIHT Financial Corp.*, 873 F.2d 411 (1st Cir. 1989); *In re DeRosa*, 103 B.R. 382 (Bkrtcy. D.R.I. 1989); *Dudzik v. Leesona Corp.*, 473 A.2d 762 (R.I. 1984); *Halpert v. Rosenthal*, 107 R.I. 406, 267 A.2d 730 (1970).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 13**

REASONABLE RELIANCE DEFINED

Bryanco must prove that it reasonably relied on the false representation alleged to have been made by Cowen. Bryanco may not be said to have reasonably relied on Cowen's representation if the evidence shows it was obvious, or should have been obvious, that the representation was indeed false. The reasonableness or unreasonableness of Bryanco's reliance is to be measured against the circumstances as were confronting Bryanco at the time. Whether Bryanco's reliance on Cowen's representation was reasonable is for the jury to determine based on all of the facts and circumstances that you find were proved at trial.

SOURCE: §2507.4, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *Kelly v. Tillotson-Pearson, Inc.*, 840 F.Supp. 935 (D.R.I. 1994); *Fleet National Bank v. Anchor Media Television, Inc.*, 831 F.Supp. 16 (D.R.I. 1993), affirmed, 45 F.3d 546 (1st Cir. 1995); *LaFazia v. Howe*, 575 A.2d 182 (R.I. 1990); *Katz v. Prete*, 459 A.2d 81 (R.I. 1983).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 14**

CONTRACT DEFINED AND ANTICIPATORY REPUDIATION

Bryanco has also alleged a cause of action against CPC Plastics for breach of the Technical Consulting Services Agreement. A contract is a legally enforceable promise or agreement made between two or more individuals or companies. It is a promise or agreement that creates an obligation to do or not to do a certain thing. It is a consensual endeavor, that is, it is based upon mutual, informed and voluntary consent between the contracting parties. And, in order to form a valid contract, each party to the contract must have the intent to promise that which he/she has promised. Each party must also intend to be bound by that promise or agreement.

Every contract has certain elements. These elements must be present in order for the contract to be valid, that is, legally binding on the parties to it. The elements of a contract are:

a) an offer;
b) an acceptance of that offer;
c) consideration, that is, some form of value given in exchange for the promise;
d) a mutual or reciprocal agreement; and
e) a mutual or reciprocal obligation.

In this case, Bryanco claims that it and CPC Plastics entered into a contract. Bryanco claims that CPC Plastics has breached that contract, that is, has failed to perform that which CPC Plastics promised to do. Bryanco also claims that it has suffered damages or harm as a result of CPC Plastics breach. CPC Plastics denies that it breached any terms in the contract. It is for you, the jury, to determine whether all of the necessary elements of a contract have been proved. Before the defendant can be held liable for breach of contract, it must first be proved that a contract existed.

A party establishes a breach of contract claim when that party demonstrates a violation of a contractual obligation, either by failing to perform one's promise or by interfering with another party's performance. In order to give rise to an anticipatory breach of contract, Bryanco must prove that CPC Plastics' refusal to perform was positive and unconditional. Repudiation is manifestation by one party to the other that the first party cannot or will not perform. If you find from the facts that CPC Plastics made a clear, unequivocal, and absolute statement that it repudiated the contract and would not perform under the contract, then Bryanco is entitled to treat the contract as breached and your verdict will be for Bryanco.[1]

SOURCE: §3001, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *Smith v. Boyd*, 553 A.2d 131 (R.I. 1989); *Lamoureux v. Burrillville Racing Association*, 91 R.I. 94, 161 A.2d 213 (1960).

---

[1] UCC § 2-610. Section 4.17 of Jury Instructions and Commercial Litigation.

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 15**

CONSEQUENTIAL DAMAGES – GENERALLY

If you find that CPC Plastics breached the Agreement with Bryanco, you will next decide what damages Bryanco is entitled to as a result of the defendant's breach. Bryanco is entitled to recover the value of the bargain that was originally contemplated by the parties when they entered into the contract. You may award that amount of damages that will put Bryanco in the same position it would have been had the breach not occurred. The underlying rationale on a breach of contract action is to place the innocent party in the position it would have been in if the contract had been fully performed.

SOURCE: §10101, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *National Chain Co. v. Campbell*, 487 A.2d 132 (R.I. 1985); *Alterio v. Biltmore Construction Corp.* 119 R.I. 307, 377 A.2d 237 (1977); *George v. George F. Berkander Inc.*, 92 R.I. 426, 169 A.2d 370 (1961).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 16**

LOST PROFITS

Lost profits are an element of damages in cases where business has been interrupted. When I say lost profits, I mean lost net profits. Bryanco is required to prove the amount of its lost revenue as well as the cost and expenses involved in generating that revenue.

The plaintiff is not required to prove lost profits with mathematical certainty. The plaintiff only need prove that it was reasonably certain to make the net profits it claims to have lost as a result of the defendant's conduct. Lost profits can be established by showing the past history of a successful and profitable business operation.

SOURCE: §10102, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, *Long v. Atlantic BPS, Inc.*, 681 A.2d 249 (R.I. 1996); *Troutbrook Farm, Inc. v. DeWitt*, 611 A.2d 820 (R.I. 1992); *Abbey Medical/Abbey Rents, Inc. v. Mignacca*, 471 A.2d 189 (R.I. 1984); *Smith Development Corp. v. Bilow Enterprises, Inc.*, 112 R.I. 203, 308 A.2d 477 (1973).

**BRYANCO'S PROPOSED JURY INSTRUCTION NO. 17**

MITIGATION – DOCTRINE OF AVOIDABLE CONSEQUENCES

A non-breaching party is required to exercise reasonable diligence in avoiding the consequences of the breach of the contract. While the non-breaching party does not have an affirmative duty to *reduce* the harm caused by the breach and does not incur liability for failing to do so, the non-breaching party is required to do more than sit idly by and allow further damages to accumulate. The law does not permit one in a non-breaching party's position to maximize the harm caused by a breach of contract nor does the law permit one in a non-breaching party's position to act carelessly in curtailing the harm done. The law requires that one in a non-breaching party's position use efforts that are reasonable under the circumstances.

SOURCE: §10104.1, Model Civil Jury Instructions for Rhode Island (RIBA, Superior Court Bench/Bar Comm., 2003). See also, R.I.G.L. §6A-2-712 (2001 Reenactment); *Clifford McFarland, Read & Lundy, Inc. v. Brier*, 769 A.2d 605 (R.I. 2001); *Bibby's Refrigeration v. Salisbury*, 603 A.2d 726 (R.I. 1992); See generally, 22 Am. Jur. 2d Damages §§895-901 (1988).

# JURY VERDICT FORM

## QUESTION ONE: Breach of Contract (CPC Plastics)

Do you find that CPC Plastics breached its contractual obligations to Bryanco?

Yes: ____ No: ____

**QUESTION TWO: Fraud (Clinton P. Cowen)**

Do you find that Clinton P. Cowen fraudulently induced Bryanco to enter into the contract with CPC Plastics?

Yes: ____ No: ____

**QUESTION THREE: Punitive Damages (Clinton P. Cowen)**

If you answered Yes to Question Two, do you award punitive damages to Bryanco and Mr. Bryan as a result of Clinton P. Cowen's fraudulent conduct?

Yes: ____ No: ____

**QUESTION FOUR: Piercing the Corporate Veil (Clinton P. Cowen)**

If you answered Yes to Question One, do you find that Clinton P. Cowen acted as the alter ego of CPC Plastics such that he should be held personally liable for CPC Plastics' breach of its contract with Bryanco?

Yes: ____ No: ____

**QUESTION FIVE: Damages (CPC Plastics and Clinton P. Cowen)**

(1) If you answered Yes to Question One, what is the amount of damages to which defendants are entitled as a result of CPC Plastics' breach of its contractual obligations to Bryanco?

______________________________

(2) If you answered Yes to Question Two, what is the amount of damages to which defendants are entitled as a result of Clinton P. Cowen's fraudulent conduct?

______________________________

(3) If you answered Yes to Question Three, what is the amount of punitive damages that you award to Bryanco and Mr. Bryan as a result of Clinton P. Cowen's fraudulent conduct?

______________________________