**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CPC PLASTICS, INC.**
**Plaintiff**

**v.** **C.A. NO: 06-452/S**

**KENNETH E. BRYAN, Alias, d/b/a**
**BRYANCO and BRYANCO, LLC.**
**Defendant**

**v.**

**CLINTON P. COWEN**
**78 West Shore Drive**
**Exeter, Rhode Island 02822**
**Third-Party Defendant**

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR ATTORNEY FEES AND COSTS**

Magistrate Judge Martin granted Defendants the ultimate sanction in dismissing Plaintiff's Complaint. Plaintiff interspersed no objection, recognizing that its response to discovery was imperfect at best.

However, Plaintiff's representative did attend a day-long deposition. Plaintiff also attended alternative dispute mediation with Magistrate Judge Lovegreen, in good faith. That effort came to no avail.

Plaintiff interposed no spurious objections or frivolous objections. It simply did not properly answer Defendant's Interrogatories or provide documents and paid the ultimate sanction.

Even if attorney fees were to be awarded, they should be minimal. For all that was necessary were motions to compel and to dismiss. These are neither complicated, requiring great amounts of research.

If F.R.C.P. 1 is "construed and administer the . . . inexpensive determination of every action," then no one should have to pay over Eighteen Thousand ($18,000) Dollars for perfunctory motions, to which no objection, frivolous or substantive was taken. Indeed, the motions at issue here do not even require a supporting memorandum. See L.R. Cv. 7.

It would appear that the defense counsel has requested fees for an extraordinary amount of time, given the issue presented. Even a cursory review of counsel's time records disclose innumerable conferences and discussions between lawyers. No independent counsel reviewed the records and attested to their reasonableness. In any event, the Court should scrutinize the claim, in light of its own experience and the lode star approach, which is the standard applied by courts in the First Circuit when reviewing *applications for compensation. See, In re Narragansett Clothing Company, Garb v. Marshall*, 210 B.R. 403, 497 (1st Cir.Bap. R.I. 1997).

The lode star approach takes into consideration the following factors:

> " . . . (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

> attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases . . .

Finally, F.R.C.P. 37(B)(2)(A)(Z) provides attorney fees against a *party* "failing to object the order to pay the reasonable expenses, including attorney fees." Defendant's Motion to Dismiss itself only requested attorney fees against CPC Plastics and Cowen. Magistrate Judge Martin awarded fees against the *party*. There was no award against counsel. Accordingly, an award against counsel is *de hors* the decision, from which no appeal was taken.

**Conclusion**

For the foregoing reasons, any assessment of fee and costs should be minimal, and assessed only as prayed — against the party, not counsel.

**CPC PLASTICS, INC.**
**Plaintiff**
**CLINTON P. COWEN**
**Third Party Defendant**
By their attorney,

/S/Gerard M. DeCelles

Gerard M. DeCelles, #1394
1536 Westminster Street
Providence, RI 02909
Tel (401) 272-8998
Fax (401) 272-4907

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June, 2008, the foregoing was filed electronically with the Clerk of Court and served upon opposing counsel by operation of the Court's electronic filing system.

Gerard M. DeCelles